Abraham N. Geller, J.
This is an article 78 proceeding to vacate and annul a certain portion of a determination of the Superintendent of Insurance. A preliminary cross motion to dismiss for legal insufficiency was denied (Cohloh, J.), the court noting that, assuming the facts stated in the petition to be true, it could not be dismissed if it stated “ any facts upon which petitioner is entitled prima facie to the requested relief.” Here the relief requested actually is to set aside the Superintendent’s disallowance of retroactive transfers into the expense fund of a fraternal order and requires an evaluation of the facts as well as the law upon the basis not only of the petition but of the answer, supporting affidavits and documentary evidence.
Subdivision 4 of section 461 of the Insurance Law provides that a fraternal benefit society, when qualified “ as shown *130 by its last annual statement * * * may transfer or allocate such excess insurance funds to the expense or other funds of the society * * * but the amount so transferred in any calendar year shall not exceed * * * five percent of the total contributions to the mortuary fund or funds of 'such society during the next preceding calendar year ”. It is clear that the statute contemplates a transfer or allocation to expense funds to be made within the following calendar year. The evident purpose is to have the annual statements required to be filed with the Superintendent and any financial 'statements issued to members and the public disclose an accurate year-by-year account of its condition, which could not be fulfilled if accumulated and unspecified amounts of excess funds could be retroactively transferred in later years to the expense fund. In -any event, such interpretation of the statute, drawn by the Superintendent, cannot be said to be unwarranted or unreasonable.
It is not disputed that, on the basis of petitioner’s annual statements for each of the years 1940 to 1952, it qualified for such transfer or allocation of excess insurance funds amounting to a total of $21,367. However, although the petition states that petitioner “allocated” said sums to its expense fund, there is no indication of the manner of any such allocation. In fact, it appears that these accumulated sums remained in the mortuary funds and unallocated all during those years and up to 1958. It was during the years 1958, 1959 and 1960 that $13,263.38 thereof was transferred from the mortuary funds into the expense fund. It was upon the Superintendent’s review of such three-year period that this determination was made disallowing such retroactive transfers.
Petitioner urges that the Superintendent is bound by a practical construction made by him at the time of the review of its condition as of December 31, 1957. Retroactive transfer credit applicable to the years 1953 through 1956, covered by the pending statement of condition, was then permitted. It appears that that was allowed “ because of the then stringent financial condition of the expense fund of the petitioner.” That was at best an exception which may not be used to control the applicable rule. Moreover, it could not be a precedent for the type of retroactivity here involved. Furthermore, a deviation by an administrator cannot bind future administrative action which represents a rational view of the governing statute. The petition is accordingly dismissed on the merits.